US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 0 7 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| DAVID KING and KING OUTDOOR ENTERPRISES, LLLP | } } } | |
| Plaintiffs, | } } } | |
| v. | } } | Case No. _16-5128 TLB_ |
| AMERICAN FISH ATTRACTOR AND HABITAT, LLC | } } } | |
| Defendant. | } } | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

COMES NOW Plaintiff, David King ("Mr. King") and King Outdoor Enterprises, LLLP ("KOE"), by and through counsel, and for their Complaint for Damages and Equitable Relief against Defendant, American Fish Attractor and Habitat, LLC ("AFAH" or "Defendant"), respectfully states as follows:

### Parties, Jurisdiction and Venue

1.      Mr. King is an individual resident of the state of Arkansas and a resident of this judicial district.  He is the owner of U.S. Patent No. D625, 471 (the "'471 Patent").

2.      KOE, is an Arkansas limited partnership that has its principal place of business located in this judicial district.  KOE is the owner of U.S. Trademark Reg. No. 4,857,670 (the "KOE Trademark").

1

3. Defendant is a limited liability company organized and existing under the laws of the State of Tennessee. Defendant has it principal place of business located at 88 Carriage Hill, Signal Mountain, Tennessee 37377-2331. The registered agent for Defendant is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-11312. Defendant has been doing business in, has committed acts, and caused damages in this judicial district at all times relevant hereto.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338 in that this action arises under the federal Trademark Act of 1946, 15 U.S.C. §§ 1051-1129. This Court holds supplemental jurisdiction over Plaintiffs' state law trademark claims and remedies pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Plaintiffs' claims occurred in this district. Further, Plaintiffs' residence and principal place of business are located in this district and Defendants' products are available in this district.

## Factual Background

6. KOE is the manufacturer of the popular Mossback artificial fish habitat ("Mossback"). This product is a fish retention structure that is submerged in bodies of water as a means of promoting healthy fish habitats and improving fisheries.

7. King and KOE own intellectual property that is incorporated into the products that are manufactured and sold by KOE.

8. The '471 Patent is titled "Fish Retention Structure" and was filed on August 31, 2009. A true and correct copy of the '471 Patent is attached hereto as **Exhibit A** and is incorporated herein by reference.

2

9.      The fish habitat products sold by KOE that are protected by the '471 Patent are marked by their use of a round mast that have a number of members (or arms) that are bent at ninety degree angles and inserted into the mast.

10.     Assembly of the KOE fish habitat products is described in literature that is provided by KOE with the purchase of the product.  A copy of the instruction sheet that is provided with the KOE MB1 habitat is attached hereto as **Exhibit B** and is incorporated herein by reference.

11.     In addition to the '471 Patent, KOE is also the owner of numerous trademarks, including the design mark for its logo, which features a fish superimposed over its distinctive central mast with elongated angled armed fish habitat structure.  A copy of the KOE Trademark is attached hereto as **Exhibit C** and is incorporated herein by reference.

12.     The KOE Trademark was registered with the U.S. Patent and Trademark Office on November 24, 2015.  It was fist in use and in commerce on June 6, 2014.

13.     On or about February 13, 2015, Defendant was formed in the State of Tennessee.  A copy of filing information of Defendant is attached hereto as **Exhibit D** and is incorporated herein by reference.

14.     Defendant was formed after its member, Matt Marsden, purchased one of KOE's Mossback product on or about December 5, 2013.  Marsden believed that he could produce a better version of the product and began making a similar fish habitat himself based on the Mossback design.

15.     Defendant operates a website at the domain www.americanfishtree.com at which its products are displayed.

16.     As is seen on Defendant's website, the design of Defendant's products is nearly identical to those of KOE.  The construction, assembly, and deployment are copied nearly directly from the Mossback design.

17.     Defendant states that its "handle design" is patented.  However, Plaintiffs can find no such patents for the handle design belonging to Defendant.  *See* **Exhibit E**, a copy of which is attached hereto and is incorporated herein by reference.

18.     Defendant further states that there is a patent pending for its products.  *See* Exhibit A.  However, Plaintiffs can find no such patent pending for Defendant.

19.     In addition to copying Plaintiffs design, in violation of the '471 Patent, Defendant has copied the KOE Trademark.  The KOE Trademark features a fish superimposed over its distinctive central mast with elongated angled armed fish habitat structure.  The KOE Trademark is as follows:



20.     The logo that Defendant uses is substantially similar to KOE's and violates the KOE Trademark.  Defendant's mark also features a fish superimposed over a fish habitat structure with a central mast and elongated angled arms.  Additionally, Defendant's mark appears to use the same or substantially same san-serif font as the KOE Trademark.  Defendant's logo is as follows:



21.     Defendant's use of such a similar trademark for identical good creates confusion in the marketplace that is damaging to Plaintiffs.

22.     Because Mr. Marsden purchased one of the Mossback products, he had actual knowledge of the Mossback product design and actual knowledge of the KOE Trademark.

### Count I – Patent Infringement under 35 U.S.C. § 271

23.     The allegations set forth in the previous paragraphs are re-alleged as if set forth herein verbatim.

24.     U.S. Patent No. D625,471 was duly and legally issued to Plaintiff on November 24, 2015, and is currently in full force and effect and has been in use since this date.

25.     Upon information and belief set forth in the foregoing paragraphs, Defendant has infringed the '471 Patent in this judicial district and elsewhere by making, using, selling, and/or offering for sale, a product that infringes and/or performs a function that infringes the '471 Patent..

26.     Upon information and belief set forth in the foregoing paragraphs, Defendant's American Fish Tree uses a design nearly identical to that of Mossback. In addition, the construction, assembly, and deployment are copied nearly directly from the Mossback design.

27.     In the eye of the ordinary observer, giving attention as purchasers of fish habitats usually give, the resemblance between the design of Defendant's fish habitat and the design set forth in the '471 Patent is such as to deceive the ordinary observer, and

5

cause an ordinary observer to purchase the Defendant's fish habitat supposing it to be the product and design set forth in the '471 Patent.

28.     Defendant had actual knowledge of the '471 Patent and has infringed upon this patent since Defendant was formed, on or about February 3, 2015.

29.     In light of the above facts and allegation, Defendant is and has been infringing on the '471 Patent in violation of 35 U.S.C. § 271, by developing, using, offering to sell, and/or selling their American Fish Tree product in this jurisdiction and others.

30.     Because of Defendant's infringement of the '471 Patent, Mossback Fish Habitat has suffered damages yet to be determined.

### Count II – Trademark Infringement under 15 U.S.C § 1111 *et seq.* (Lanham Act)

31.     The allegations set forth in the previous paragraphs are re-alleged as if set forth herein verbatim.

32.     Plaintiff registered the KOE Trademark with the U.S. Patent and Trademark Office on November 24, 2015. It was used for commercial purposes for the first time on June 6, 2014 and has been used continuously thereafter.

33.     The KOE Trademark is in full force and effect and the KOE Trademark is entitled to protection under both federal law and common law.

34.     The KOE Trademark features a fish superimposed over its distinctive central mast with elongated angled armed fish habitat structure.

35.     The logo the Defendant uses also features a fish superimposed over a fish habitat structure with a central mast and elongated arms. The font used by Defendant's mark appears to also use the same or substantially same font as the KOE Trademark.

36.     Defendant willfully copied the design of the KOE Trademark and used the KOE Trademark to market and sell nearly identical products in commerce that has caused confusion and has been used in a misleading manner.

37.     Defendant's infringement of KOE King Trademark has caused damages to Mossback in an amount yet to be determined.

38.     Defendant's infringement constitutes intentional conduct such to warrant an award of treble damages, attorney's fees, and costs as proper.

39.     Further use of Defendant's logo that infringes upon the KOE Trademark will cause irreparable harm to Mossback such that injunctive relief is proper.

## Count III – Trademark Infringement under Ark. Code Ann. § 4-71-212

40.     The allegations set forth in the previous paragraphs are re-alleged as if set forth herein verbatim.

41.     Plaintiff has used the KOE Trademark for commercial purposes since at least as early as June 6, 2014.

42.     The KOE Trademark features a fish superimposed over its distinctive central mast with elongated angled armed fish habitat structure.

43.     The logo Defendant uses also features a fish superimposed over a fish habitat structure with a central mast and elongated arms. The font used by Defendant's mark appears to also use the same or substantially same font as the KOE Trademark.

44.     Defendant willfully copied the design of the KOE Trademark and used the KOE Trademark to market and sell nearly identical products in commerce that causes market confusion and is used in a misleading manner.

45.     Defendant's infringement of the KOE Trademark has caused damages to Plaintiff in an amount yet to be determined.

46.     Defendant's infringement of the KOE Trademark constitutes intentional conduct such to warrant an award of treble damages, attorney's fees, and costs as proper.

47.     Further use of Defendant's logo that infringes upon the KOE Trademark will cause irreparable harm to Mossback such that injunctive relief is proper.

**Count IV – Injury to Business Reputation under Ark. Code Ann. § 4-71-213**

48.     The allegations set forth in the previous paragraphs are re-alleged as if set forth herein verbatim.

49.     The KOE Trademark is famous in the fishing industry, specifically in the State of Arkansas.

50.     The mark of Defendant uses the substantially same font and also features a fish superimposed over a fish habitat structure with a central mast and elongated arms. This mark has been in use since Defendant was formed on or about February 3, 2015

51.     The fact the KOE Trademark has acquired distinctive meaning within the State of Arkansas, and the high degree of recognition of the KOE Trademark in the industry, Defendant's mark has diluted the distinctive quality of the KOE Trademark.

52.     Pursuant to Ark. Code Ann. § 4-71-213, Plaintiff is entitled to injunctive relief prohibiting the use of Defendant's mark anywhere.

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A.     A preliminary and permanent injunction prohibiting Defendant from infringing on the '471 Patent;

B.     A preliminary and permanent injunction prohibiting Defendant from infringing on the KOE Trademark;

C.     An award of damages for Defendant's profits, Plaintiffs' damages, and the costs of the action;

D.     An award of three times such profits or damages, whichever is greater;

E.     An award of attorneys' fees and costs; and

F.     Any and all other relief that the Court may deem proper.

Respectfully submitted,

DAVID KING and KING OUTDOOR
ENTERPRISES, LLLP, Plaintiffs

By:     _____

Larry McCredy (2007152)
RMP, LLP
75 North East Ave., Suite 500
Fayetteville, Arkansas 72702
Telephone: (479) 443-2705
Facsimile: (479) 443-2718
lmccredy@rmpllp.com

and

Meredith Lowry (2005232)
Wright, Lindsey & Jennings, LLP
3333 Pinnacle Hills Parkway, Suite 510
Rogers, AR 72758
Telephone: (479) 986-0888
Facsimile: (479) 986-8932
mlowry@wlj.com

*Attorneys for Plaintiffs*