IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID KING; and KING OUTDOOR
ENTERPRISES, LLLP                                                    PLAINTIFFS

v.                              CASE NO. 5:16-cv-5128

AMERICAN FISH ATTRACTOR
AND HABITAT, LLC                                                     DEFENDANT

AMERICAN FISH ATTRACTOR
AND HABITAT, LLC                                                     COUNTER CLAIMANT

v.

DAVID KING; and KING OUTDOOR
ENTERPRISES, LLLP                                                    COUNTER DEFENDANTS

## OPINION AND ORDER

Currently before the Court is a Motion to Dismiss Counterclaims (Doc. 14) filed by Plaintiffs and Counter-Defendants David King and King Outdoor Enterprises, LLLP (collectively, "King"). Defendant and Counter-Claimant American Fish Attractor and Habitat, LLC ("American Fish") filed its Response (Doc. 15) on August 19, 2016, making the Motion ripe for adjudication. The Court held a case management hearing on September 7, 2016, during which it took oral argument and ruled on King's Motion from the bench. To the extent that anything in this Order differs from the Court's pronouncement from the bench, this Order controls.

### I.   BACKGROUND

King is the holder of a patent for an artificial fish habitat, of the sort that is placed in a lake or pond to attract fish and allow them to populate. King also holds a trademarked logo associated with this product. The logo features a fish superimposed

1

over a depiction of the product. King's Complaint (Doc. 1), filed on June 7, 2016, alleges that a product sold by American Fish infringes on its fish habitat patent; that American Fish's logo infringes on its trademarked logo under Arkansas state law and federal law; and that American Fish injured its business reputation in violation of Arkansas state law. American Fish filed its Answer (Doc. 10) on July 12, 2016 generally denying the claims against it and asserting three counterclaims. Its first counterclaim seeks a declaration of non-infringement regarding its product and King's patent; its second counterclaim seeks a declaration of non-infringement regarding its logo and King's trademark; and its third counterclaim alleges trademark misuse against King.

Rather than answering American Fish's counterclaims, King filed a Motion to dismiss them on August 2, 2016. (Doc. 14). The Motion contends that the first two counterclaims must be dismissed under Federal Rules of Civil Procedure 12(b)(6) and 12(f), as they are redundant and duplicative of King's infringement claims. It also contends that American Fish's third counterclaim must be dismissed because no cause of action for trademark misuse exists; rather, courts recognize it only as an affirmative defense. American Fish's Response (Doc. 15) argues that declaratory judgment non-infringement counterclaims are relatively commonplace in intellectual property suits. It also argues that its trademark misuse counterclaim should not be dismissed, though it cites no law to support that proposition. Having considered the parties' briefs and heard their arguments, the Court **GRANTS IN PART AND DENIES IN PART** King's Motion to Dismiss Counterclaims (Doc. 14).

## II. LEGAL STANDARD

To survive King's Rule 12(b)(6) Motion to Dismiss, American Fish's Counterclaim must provide "a short and plain statement of the claim that [it] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of the Counterclaims' factual allegations as true, and construe them in the light most favorable to American Fish, drawing all reasonable inferences in its favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

Normally, in adjudicating a 12(b)(6) motion, the Court must determine whether a complaint or counterclaim "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint [or counterclaim] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* However, with respect to American Fish's first two counterclaims, King argues not that they fail under the *Twombly-Iqbal* heightened pleading standard, but that dismissal is appropriate because they are duplicative of its own claims. While such an argument may technically result in dismissal pursuant to Rule 12(b)(6), it requires analysis pursuant to Rule 12(f). That Rule allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

### III. DISCUSSION

There is some disagreement amongst federal courts as to whether dismissal of a declaratory judgment counterclaim for non-infringement is appropriate when the complaint includes claims for infringement. King directs the Court's attention to *Sarkis' Café, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034 (N.D. Ill. 2014). Therein, the court held that the defendant's counterclaim for non-infringement of trademark was duplicative to the plaintiff's trademark infringement claim, and should accordingly be dismissed. *Id.* at 1037-38. The *Sarkis Café* Court explained:

> Plaintiff asserts that Defendant's declaratory judgment counterclaim should be dismissed because it is duplicative of the claims contained in the Complaint and will thus fail to serve a "useful purpose" in determining the outcome of this case. . . . The Court agrees. In this instance, a cognizable dispute already exists between Plaintiff and Defendant regarding the latter's use of Plaintiff's marks triggered by Count II of the Complaint. Where "the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action 'serves no useful purpose' because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated." *Intercon Solutions, Inc. v. Basel Action Network*, 969 F.Supp.2d 1026, 1065 (N.D.Ill.2013) (internal citations and quotations omitted) (collecting cases); *see Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 WL 221838, at *5 (N.D.Ill. Jan. 24, 2011) (striking without prejudice counterclaim seeking declaratory judgment of non-infringement). Here, once the Court rules on the merits of Count II of the Complaint, the question of whether Defendant infringed upon Plaintiff's marks will be resolved in its entirety. Therefore, the Court dismisses Defendant's declaratory judgment counterclaim pursuant to Rule 12(b)(6).

*Id.* at 1038. American Fish, on the other hand, effectively suggests that *Sarkis Café* is an outlier. Wright & Miller, it notes, states that when a "patentee sues for infringement, [the] defendant may counterclaim for a declaration of invalidity and noninfringement." 10B Fed. Prac. & Proc. Civ. § 2761 (4th ed.). This is so to ensure that "the defendant is protected against the possibility that the patentee will dismiss the suit or that the

4

infringement action will not resolve all of the issues between the parties." *Id.* Indeed, in *Malibu Media, LLC v. Doe*, 2016 WL 3383758 (N.D. Cal. June 20, 2016), relied on by American Fish, the court expressed nearly this exact concern.

> Section 505 of Title 17 of the United States Code provides that a "prevailing party" may be awarded attorney's fees in a copyright infringement action; however, when a copyright plaintiff voluntarily dismisses a claim without prejudice, the defendant is not a prevailing party. . . . Absent defendant's counterclaim, if events reveal that this case is meritless, [the plaintiff] could voluntarily dismiss its affirmative claims without prejudice under Rule 41(a)(2), seeking to avoid an award of attorney's fees. If, however, defendant's counterclaim remains alive, he will be able to press his counterclaim.

*Id.* at *2.

The Court agrees with American Fish and the *Malibu Media* Court on this issue. As an initial matter, the Court notes that the decision of whether to adjudicate or dismiss a declaratory judgment action is one left largely within its sound discretion. "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Malibu Media*, 2016 WL 338758, at *2 ("Malibu Media is also correct that the district court has discretion to dismiss defendant's counterclaim. Nevertheless, Malibu Media's practical arguments for why the undersigned should exercise that discretion here are unpersuasive."). Having noted its broad discretion in the matter, the Court declines to dismiss American Fish's first and second counterclaims. Though both are, indeed, duplicative of King's patent and trademark infringement claims, they also serve an independent purpose. Namely, if King decides to voluntarily dismiss its claims without prejudice, the counterclaims allow American Fish to persist in resolving the dispute

5

between the parties, and to potentially obtain an award for attorney's fees. *See* Wright & Miller, 10B Fed. Prac. & Proc. Civ. § 2761 (4th ed.); *Malibu Media*, 2016 WL 3383758, at *2. Accordingly, King's Motion to Dismiss is **DENIED** as to American Fish's first two counterclaims.

The Court now turns attention to American Fish's counterclaim for trademark misuse. King's Motion to Dismiss contends that trademark misuse can only be asserted as an affirmative defense, not an independent claim. King is correct. In *B. Braun Med., Inc. v. Abbott Labs.*, the Federal Circuit Court explicitly declared that "the defense of patent misuse may not be converted to an affirmative claim for damages simply by restyling it as a declaratory judgment counterclaim." 124 F.3d 1419, 1427 (Fed. Cir. 1997); *see also E-Z Dock, Inc. v. Shoremaster, Inc.*, 2006 WL 1153901, at *1 (W.D. Mo. Apr. 25, 2006) (concluding that "all of the precedent addressing [the] issue appears clear that patent misuse is a defense, not a counterclaim"). This principle applies equally in the context of trademark misuse. *See Juno Online Servs. v. Juno Lighting, Inc.*, 979 F. Supp. 684, 689 (N.D. Ill. 1997) (detailing the history of the misuse doctrine and announcing that "the court is quite skeptical to allow an affirmative claim for trademark misuse"). Thus, American Fish's third counterclaim fails to state a claim upon which relief can be granted, and King's Motion to Dismiss is **GRANTED** as to that counterclaim.

## IV. CONCLUSION

For the reasons stated herein, King's Motion to Dismiss Counterclaims (Doc. 14) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **DENIED** as to American

6

Fish's first two counterclaims. The Motion is **GRANTED** as to American Fish's third counterclaim, which is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 7th day of September, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE