US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JAN 09 2017

DOUGLAS F. YOUNG, Clerk
By
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID KING; and KING OUTDOOR
ENTERPRISES, LLLP                                                    PLAINTIFFS /
                                                            COUNTER DEFENDANTS

v.                              CASE NO. 5:16-cv-5128

AMERICAN FISH ATTRACTOR
AND HABITAT, LLC                                                     DEFENDANT /
                                                               COUNTER CLAIMANT

**OPINION & ORDER**

Now before the Court is a Motion for Leave to Amend Complaint (Doc. 27) filed by Plaintiffs and Counter Defendants David King and King Outdoor Enterprises, LLLP (collectively, "the King Plaintiffs"). The Amended Complaint would add an additional defendant—Matthew E. Marsden—and an additional claim—declaratory judgment of patent invalidity—to the case. Defendant and Counter Claimant American Fish Attractor and Habitat, LLC ("American Fish") filed a Response (Doc. 28) opposing the Motion for Leave on December 23, 2016. More than seven days have elapsed and the King Plaintiffs have yet to file a reply, so the Motion is now ripe for adjudication. For the reasons stated herein, the Court will **DEFER RULING** on the Motion (Doc. 27) and request briefing from the parties on the issues of joinder and subject-matter jurisdiction.

**I. DISCUSSION**

This case involves two companies that produce, market, and sell artificial fish habitats, used in lakes and ponds to attract fish and allow them to populate. Plaintiff David King is a resident of Arkansas and owner of U.S. Patent No. D625,471 (the "'471 Patent"). The '471 patent depicts an artificial fish habitat constructed with a central round mast and

1

several "arms" that protrude from it at ninety-degree angles. Plaintiff King Outdoor Enterprises, LLLP markets the product depicted in the '471 patent as the "Mossback Fish Habitat," and owns a trademark related to that brand. The Defendant, American Fish, is a Tennessee company with its principal place of business in Tennessee that markets an artificial fish habitat constructed with a round mast and protruding arms as well, named the "American Fish Tree." As the King Plaintiffs learned after initiating the case at bar, Matthew Marsden—a resident of Tennessee and member of American Fish—owns U.S. Patent No. D757,369 S (the "'369 Patent"), which corresponds to the American Fish Tree product.

The King Plaintiffs initiated suit in this Court by filing a Complaint (Doc. 1) on June 7, 2016. The Complaint alleges that American Fish's American Fish Tree product infringes upon the '471 Patent in violation of 35 U.S.C. § 271; that the logo used by American Fish to market its American Fish Tree product infringes upon the Mossback Fish Habitat trademark in violation of 15 U.S.C. § 1111 *et seq.* and Ark. Code Ann. § 4-71-212; and that American Fish caused injury to Plaintiffs' business reputation in violation of Ark. Code Ann. § 4-71-213. American Fish responded to the Complaint by filing an Answer and Counterclaim (Doc. 10) on July 12, 2016. The Answer generally denies the claims against it, and the Counterclaim includes claims for declaratory judgment of non-infringement of the '471 Patent; declaratory judgment for non-infringement of the Mossback Fish Habitat trademark; and trademark misuse. This third counterclaim was dismissed by the Court's September 7, 2016 Opinion and Order (Doc. 18). On October 20, 2016 the Court entered an Amended Case Management Order (Doc. 26), setting a deadline of December 8, 2016, for the parties to amend their pleadings and/or add parties.

On December 8, 2016, the King Plaintiffs filed the instant Motion for Leave to Amend their Complaint (Doc. 27). The proposed amended complaint would add Matthew Marsden as a defendant, and add a claim for declaratory judgment of invalidity of his '369 Patent. American Fish filed a Response (Doc. 28) on December 22, 2016, contending that the Court should deny the Motion for three reasons. First, American Fish suggests that the proposed amendment is futile because the Court cannot exercise personal jurisdiction over Mr. Marsden. Second, American Fish argues that the proposed amendment is futile because Mr. Marsden cannot be properly joined to this suit, presumably under Federal Rule of Civil Procedure 20(a)(2). Third, American Fish alleges that the Court should deny the proposed amendment for lack of diligence and improper motive.

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave" to amend a pleading "when justice so requires." However, when there is "good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment,'" it is within the Court's discretion to deny leave to amend. *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 907–08 (8th Cir. 1999) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir.1992)). An amendment is considered futile if it would not survive a subsequent motion to dismiss. *See Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012).

The Court's analysis of the Motion for Leave to Amend begins with American Fish's assertion that the proposed amendment is futile because the Court cannot exercise personal jurisdiction over Mr. Marsden. The Court finds that American Fish does not have

3

standing to raise this argument. The Supreme Court has described "the requirement of personal jurisdiction" as representing "first of all[,] an individual right." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). The individual right of requiring a court to exercise personal jurisdiction can be waived by a defendant. *See* Fed. R. Civ. P. 12(h)(1). Given the individual nature of this right, and the ability for individual defendants to waive application of the personal jurisdiction requirement, several courts have rejected the proposition that a current defendant has standing to raise a futility argument based on an alleged lack of personal jurisdiction over a proposed defendant. *See, e.g., Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229-230 (E.D. Pa. 2012) (collecting cases); *Jenkins v. Smead Mfg. Co.*, 2009 WL 3628100, at *3 (S.D. Cal. Oct. 28, 2009) (same); *SmithKline Beecham Corp. v. Geneva Pharm., Inc.*, 287 F. Supp. 2d 576, 580 n.7 (E.D. Pa. 2002) (finding that a defendant "lacks standing to contest personal jurisdiction" on a proposed co-defendant's behalf); *see also Sayles v. Pac. Eng'rs & Constructors, Ltd.*, 2009 WL 791332, at *4-*7 (W.D.N.Y. Mar. 23, 2009) ("[T]he appearing defendants lack standing to raise this objection to exercising personal jurisdiction over codefendants."); *Duttle v. Bandler & Kass*, 1992 WL 162636, at *5 (S.D.N.Y. June 23, 1992) (concluding that defendants lacked standing to object to the court's personal jurisdiction over a trustee); *Camp v. Gress*, 250 U.S. 308, 316–17 (1919) (holding that "[a] resident codefendant cannot avail himself of the objection [to the court's personal jurisdiction over a nonresident codefendant]") (Brandeis, J.). *But see Sauer, Inc. v. Kanzaki Kokyukoki Mfg. Co.*, 853 F. Supp. 1106, 1110 (S.D. Iowa 1994) (finding amendment adding defendant's subsidiary to complaint to be futile because the court would not have personal jurisdiction over the subsidiary).

This principle held true in *Sayles*, even though the two defendants were closely related. Therein, the plaintiff sought to sue a Taiwanese corporation and its related American entity (amongst others). 2009 WL 791332, at *1. In order to properly effect service upon the Taiwanese corporation, the plaintiff filed a Motion for Issuance of a Letter Rogatory. *Id.* The American entity objected to the motion based on the court's supposed lacked personal jurisdiction over the Taiwanese corporation. *Id.* at *4. Rejecting this position, the court noted that the defense of lack of personal jurisdiction is "personal to the defendant that may be beyond the Court's jurisdiction over it." *Id.* at *5. The American entity, accordingly, could not object to the motion on futility grounds based on lack of personal jurisdiction.

Turning to the instant case, while the proposed defendant, Mr. Marsden, is a member of the current defendant, American Fish, the two are distinct persons under the law. *HOK Sport, Inc. v. FC Des Moines, L.C.*, 495 F.3d 927, 935 (8th Cir. 2007) ("Typically, a corporate entity and its owners are separate and distinct."); *Charles Brooks Co. v. Georgia-Pac., LLC*, 552 F.3d 718, 722–23 (8th Cir. 2009) ("There is a near universal rule that a corporation and its stockholders are separate and distinct entities, even though a shareholder may own the majority of the stock." (quoting *HHR Ark., Inc. v. River City Contractors, Inc.*, 87 S.W. 232, 237 (Ark. 2002)). Thus, despite their relation, American Fish cannot assert that this Court lacks personal jurisdiction over Mr. Marsden on his behalf. For a variety of reasons, Mr. Marsden may very well wish to waive the personal jurisdiction requirement. American Fish cannot make that decision for him.

As a final point on this topic, the Court notes a similar, but distinguishable, case in which it addressed the merits of a futility argument based on lack of personal jurisdiction.

In *Tang v. Northpole Ltd.*, a defendant objected to the plaintiff's motion to join an additional party on the ground that the court would lack personal jurisdiction over that additional party. 314 F.R.D. 612, 618 (W.D. Ark. 2016). Rather than determining whether the current defendant had standing to make that argument, the Court proceeded to the merits and found that it would have personal jurisdiction over the additional defendant. *Id.* This was so, however, because the Court determined that the additional defendant was the alter ego of the current defendant. *Id.* In other words, the Court had determined that the entities in question were, effectively, one-and-the-same. This finding makes *Tang* materially distinguishable from the instant case, where a wholly separate legal person is seeking to advance a personal jurisdiction argument on behalf of another.

Moving to American Fish's contention that the proposed amendment is dilatory and made for improper purposes, the Court rejects both positions out of hand. American Fish argues that the King Plaintiffs lacked diligence in requesting leave to file their amended complaint because they waited until the Amended Case Management Order's deadline day to file the Motion, even though they knew about the '369 Patent months before. It suffices to observe that, absent extraordinary circumstances not present here, the Court will not find that a party lacked diligence in seeking to amend its complaint within the timeframe set forth in a case management order. American Fish also asserts that the King Plaintiffs' proposed amendment is "an effort to put pressure on and apparently intimidate Mr. Marsden." (Doc. 28, p. 10). To be frank, there is absolutely no evidence in the record to support this allegation, and the Court views it as particularly unproductive to furthering civility and cooperation amongst the parties and attorneys.

American Fish lastly argues that the Court should deny the King Plaintiffs leave to amend because joinder of Mr. Marsden would be improper. In support of this position, American Fish insists that the issues of whether it infringed upon the '471 Patent and whether the '369 Patent is valid are unrelated. See Doc. 28, p. 8. Because the issues are unrelated, per American Fish, joinder of the additional claim and Mr. Marsden would be inappropriate.

While American Fish cites no case law to support this proposition, and dedicated only one paragraph of its brief to the issue (understandably so, since its focus was on the personal jurisdiction issue), its discussion of joinder did alert the Court to another matter that it has an obligation to raise *sua sponte*; namely, whether it would have subject-matter jurisdiction over the King Plaintiffs' proposed patent invalidity claim. *E.g.*, Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011) ("It is well established that a court has a special obligation to consider whether it has subject matter jurisdiction in every case. This obligation includes the concomitant responsibility to consider *sua sponte* the court's subject matter jurisdiction where the court believes that jurisdiction may be lacking." (internal citation, quotation marks, and alterations omitted)). The case of Creative Compounds, LLC v. Starmark Laboratories, 651 F.3d 1303 (Fed. Cir. 2011) illustrates the Court's concern. Therein, Creative Compounds ("Creative") sought a declaratory judgment that Starmark's patent was invalid and not infringed. *Id.* at 1306. Starmark then counterclaimed, alleging that Creative infringed upon its patent, and seeking a declaratory judgment that Creative's own patent was invalid. *Id.* The district court granted a motion for summary judgment in Starmark's favor on all counts, and denied Creative's motion to dismiss for lack of jurisdiction as to Starmark's claim that

Creative's patent was invalid. *Id.* Creative appealed, and the Federal Circuit reversed the district court's finding as to subject-matter jurisdiction. *Id.*

The Federal Circuit explained that "[s]ubject matter jurisdiction in declaratory judgment actions exists when 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* at 1316 (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). And, "[t]he concept of adverse legal interests requires that there be a dispute as to a legal right, such as an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring, if not for the fact that the declaratory plaintiff had preempted it." *Id.* As to Creative's patent, Creative had never accused Starmark of infringing it. *Id.* Other actions taken by Creative, such as sending letters to third parties warning of possible infringements of its patent, were insufficient to create "a substantial controversy between the parties concerning an adverse legal interest" over Creative's patent. *Id.* at 1317.

As in *Creative Compounds*, there is no indication in the instant case that American Fish or Mr. Marsden ever accused the King Plaintiffs of infringing the '369 Patent. And, there is no record of any other conduct that might support the existence of a substantial controversy between the parties respecting the '369 Patent. Thus, the Court has doubts about its ability to exercise subject-matter jurisdiction over the King Plaintiffs' proposed declaratory judgment of patent invalidity claim, and their Motion for Leave to Amend may be futile for that reason.

## II. CONCLUSION

As discussed above, the Court rejects American Fish's personal jurisdiction and improper purpose arguments, but will **DEFER RULING** on the King Plaintiffs' Motion for Leave to Amend Complaint (Doc. 27). Furthermore, the Court **ORDERS** that American Fish file a supplemental response brief addressing the issues of subject-matter jurisdiction and joinder within **14 DAYS** from the entry of this Order. The King Plaintiffs are **ORDERED** to file a reply to American Fish within **14 DAYS** from the entry of its supplemental response brief.

**IT IS SO ORDERED** on this _9th_ day of January, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE